## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| **UNITED STATES OF AMERICA,** | |
| **v.** | |
| **JIHAD GARRETT,** | Civ. No. 2:22-CV-05297 (WJM) |
| **Defendant.** | **OPINION** |

### WILLIAM J. MARTINI, U.S.D.J.

This matter comes before the Court on *pro se* petitioner Jihad Garrett's ("Petitioner") motion to vacate, set aside, or correct his sentence pursuant to 28 U.S.C. § 2255, motion to schedule an evidentiary hearing, and a motion to transfer correction facilities. ECF Nos. 1, 6, 8. For the reasons set forth below, Petitioner's motions are **DENIED**.

### I.      BACKGROUND

On April 4, 2019, following a four-day trial, a jury found Petitioner Jihad Garrett guilty on three counts: (1) possession of a firearm by a convicted felon; (2) possession with intent to distribute heroin; and (3) carrying a firearm during a drug trafficking crime. Crim No. 18-125, ECF Nos. 35-39, 41-44, 47-50. On November 21, 2019, this Court sentenced Petitioner Garrett to 50 months on Count 1, 50 months on Count 2, and 60 months on Count 3 to run consecutive with the sentenced imposed on Counts 1 and 2 for a total of 110 months imprisonment. *Id.* at ECF Nos. 54, 55. On November 27, 2019, Petitioner filed a Notice of Appeal, ECF No. 56, but never filed an appeal of his convictions. On January 29, 2020, the Third Circuit Court of Appeals issued an order dismissing Petitioner's appeal for failure to file. *United States v. Garrett*, 19-cv-3770 (3d Cir. Jan. 29, 2020).

On August 29, 2022, Petitioner filed a motion to vacate, set aside, or correct his sentence. Petitioner asserts two grounds for relief. First, that this Court lacked jurisdiction over Petitioner based on inconsistent police officer testimony regarding probable cause given at trial. Specifically, Petitioner asserts that the officers lacked probable cause to seize his vehicle and the items allegedly contained therein were therefore inadmissible against him in any criminal proceeding. Furthermore, Petitioner argues that officers lacked probable cause or reasonable suspicion to detain him and therefore any information or items obtained from him were similarly inadmissible. Petitioner's second ground of relief asserts that his counsel provided ineffective assistance for failing to strike the officers' testimonies, failing to obtain grand jury minutes, and failing to object to hearsay testimony.

On September 19, 2022, Petitioner submitted a letter to the Court requesting the appointment of counsel on his behalf. ECF No. 3. On November 18, 2022, Petitioner filed a

motion requesting an evidentiary hearing and repeating his request for the appointment of counsel. ECF No. 6. On January 10, 2022, Petitioner filed a "motion for issuance of a writ of habeas corpus ad subjiciendum" requesting to be transferred to the Essex County Correction Facility or the Hudson County Correction Rehabilitation Center in order to meet with his prospective court appointed counsel for his requested evidentiary hearing. ECF No. 7. The Government filed oppositions to Petitioner's motion to vacate and motion for an evidentiary hearing and Petitioner filed his reply. ECF Nos. 5,8, 9.

## II.   LEGAL STANDARD

A prisoner in federal custody may file a motion pursuant to 28 U.S.C. § 2255 challenging the validity of his or her sentence. Section 2255 provides, in relevant part, as follows:

> A prisoner in custody under sentence of a court established by Act of Congress claiming the right to be released upon the ground that the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such a sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack, may move the court which imposed the sentence to vacate, set aside or correct the sentence.

28 U.S.C. § 2255. Unless the moving party claims a jurisdictional defect or a Constitutional violation, in order to merit relief the moving party must show that an error of law or fact constitutes "a fundamental defect which inherently results in a complete miscarriage of justice, (or) an omission inconsistent with the rudimentary demands of fair procedure." *United States v. Horsley*, 599 F.2d 1265, 1268 (3d Cir.) (quoting *Hill v. United States*, 368 U.S. 424, 428, 82 S. Ct. 468, 7 L. Ed. 2d 417 (1962)), cert. denied 444 U.S. 865, 100 S. Ct. 135, 62 L. Ed. 2d 88 (1979); *see also Morelli v. United States*, 285 F. Supp. 2d 454, 458-59 (D.N.J. 2003). Prior to ordering an answer to a § 2255 motion, Rule 4 of the Rules Governing Section 2255 Proceedings requires that the district court review a petitioner's § 2255 motion and "dismiss the motion" if it "plainly appears from the motion, any attached exhibits, and the record of prior proceedings that the moving party is not entitled to relief.

Finally, this Court notes its duty to construe pro se pleadings liberally. *See United States v. Otero*, 502 F.3d 331, 334 (3d Cir. 2007) (citing *Haines v. Kerner*, 404 U.S. 519, 520, 92 S. Ct. 594, 30 L. Ed. 2d 652 (1972)).

## III.   DISCUSSION

### A. Petitioner's Motions are Untimely and Petitioner has Presented no Basis for Equitable Tolling

Petitioner's § 2255 Motion must be dismissed as untimely because it has been brought more than a year after his sentence became final, and Petitioner had notice and an opportunity to respond to the issue of timeliness. Under the Antiterrorism and Effective Death Penalty Act ("AEDPA"), motions filed pursuant to 28 U.S.C. § 2255 are subject to a one-year statute of limitations. *See* 28 U.S.C. §§ 2244(d), 2255(f)(1). Specifically, the one-year limitation period runs from the latest of:

> (1) the date on which the judgment of conviction becomes final;

> (2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;

> (3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

> (4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2255(f). Here, Petitioner was convicted by a jury on April 4, 2019 and sentenced by this Court on November 21, 2019. ECF Nos. 41-44, 54. Petitioner filed a Notice of Appeal on November 27, 2019 and the Third Circuit Court of Appeals issued an order dismissing the appeal on January 29, 2020. Petitioner's conviction becomes final when certiorari is denied or when the time for filing a petition for certiorari expires, which is 90 days from the entry of judgment or denial of a rehearing petition. *Clay v. United States*, 537 U.S. 522, 525-32 (2003). Therefore, Petitioner's judgment became final 90 days from January 29, 2020, or April 27, 2020, as the Government correctly notes. For statute of limitations purposes, Petitioner had until April 27, 2021 to file this present motion. Petitioner has filed this motion approximately 16 months after the statutory deadline under AEDPA.

Petitioner is similarly not entitled to equitable tolling. To receive the benefit of such tolling, a petitioner must "show (1) that he faced 'extraordinary circumstances that stood in the way of timely filing,' and (2) that he exercised reasonable diligence." *United States v. Johnson*, 590 F. App'x 176, 179 (3d Cir. 2014) (quoting *Pabon v. Mahanoy*, 654 F.3d 385, 399 (3d Cir. 2011)). Mere excusable neglect is insufficient to warrant tolling of the statute of limitations. *United States v. Thomas*, 713 F.3d 165, 174 (3d Cir. 2013). None of these circumstances are present, as Petitioner raises issues previously litigated. Specifically, Petitioner alleges ineffective assistance of counsel through counsel's alleged failure to: (1) object to the admission of hearsay testimony; (2) strike the record of said testimony; and (3) obtain the grand jury minutes. Petitioner also generally contends that the evidence used

against him that was found during a search was obtained absent probable cause. Prior to trial, Petitioner's counsel had previously filed several motions to suppress based on all the reasons mentioned above. 2:18-cr-00125, ECF No. 14. A suppression hearing was subsequently held before Judge William H. Walls on September 19, 2018 and September 20, 2018. ECF No. 19, 20. Judge Walls denied Petitioner's motion to suppress. ECF No. 19.  Petitioner is not entitled to equitable tolling and his motion to vacate under 28 U.S.C. § 2255 is therefore untimely and **DENIED**.

### B.  Right to Counsel

As the Petitioner's motion is untimely, the Court will accordingly **DENY** his request for appointment of counsel. 18 U.S.C. § 3006A(a)(2)(B) permits discretionary appointment at any stage of 28 U.S.C. § 2255 proceedings in the interest of justice. The Court finds that such an appointment at this point is unwarranted. As a result, Petitioner's request to be transferred to a closer to facility in order to meet with his prospective appointed counsel is **DENIED** as **MOOT**.

### C.  Certificate of Appealability

Pursuant to 28 U.S.C. § 2253(c), the petitioner in a § 2255 proceeding may not appeal from the final order in that proceeding unless he makes "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). "A petitioner satisfies this standard by demonstrating that jurists of reason could disagree with the district court's resolution of his constitutional claims or that jurists could conclude that the issues presented here are adequate to deserve encouragement to proceed further." *Miller-El v. Cockrell*, 537 U.S. 322, 327 (2003); *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). The Court finds that jurists could conclude that the issues presented here are adequate to deserve encouragement to proceed further and accordingly **GRANTS** a certificate of appealability.

### IV.    CONCLUSION

For the reasons set forth above, Defendant's motions are **DENIED** and a certificate of appealability is **GRANTED**.

An appropriate Order shall follow.

WILLIAM J. MARTINI, U.S.D.J.

**Date:  February 9, 2023**

4